FILED

2014 JAN 10 PM 4: 19

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IMELDA CANTU,

                **Plaintiff,**

-vs-                                        **Case No.  A-13-CA-112-SS**

360TRAINING.COM, INC.,

                **Defendant.**

## O R D E R

BE IT REMEMBERED on the 8th of January, 2014, the Court called a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Defendant 360Training.com, Inc.'s Motion for Summary Judgment [#16], and Plaintiff Imelda Cantu's Response [#23]; and Cantu's Opposed Motion for Extension of Time to File Response [#17], and 360Training's Response [#18]. Having reviewed the documents, the governing law, the arguments of counsel at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

In this False Claims Act retaliatory discharge case, Plaintiff Imelda Cantu contends she was terminated from her position as an Admissions Representative with 360Training because she reported potentially fraudulent conduct to the Department of Defense. 360Training offers online courses and training programs in a variety of fields, including real estate. One branch of 360Training's business, Meditec, is affiliated with the DOD's Military Spouse Career Advancement Accounts (MyCAA) program. Military spouses can receive reimbursement from the MyCAA

program when enrolling in MyCAA-approved courses. A second branch of 360Training's business, Agentcampus.com, offers real estate courses not affiliated with or approved by MyCAA.

As an Admissions Representative, Cantu's job was to work with program advisors who would find and refer potential students to 360Training. Cantu would then assist those students with the enrollment process. During Cantu's tenure at 360Training, the company also employed Cantu's close friend, Sylvia Cavazos-Malamon. Both women were supervised by Jennifer Blair. In August 2012, Malamon was reprimanded by Blair for submitting an expense report containing non-business-related expenses following a business trip to San Diego. Over the next few months, Malamon and Cantu spread various rumors about Blair around the office and on social media, accusing her of alcoholism, drug addiction, and promiscuity. Malamon stopped reporting to work in November 2012, but was not immediately terminated and continued to communicate frequently with Cantu.

Malamon was eventually terminated by letter on December 4, 2012. That night, Blair emailed 360Training's human resources and legal departments and demanded Cantu also be fired, and indicated she would not return to work until Cantu was terminated. The next day, Cantu met with 360Training's in-house counsel, Anna Bradford. After the meeting, Bradford inspected Cantu's company laptop and discovered various emails to Malamon and messages encouraging 360Training program advisors to leave the company. Bradford also found emails to MyCAA's Tonya McGill complaining about various programs offered by 360Training and the Lamar Institute of Technology, a separate, university-affiliated organization which offers some Agentcampus.com programs as part of its MyCAA-approved courses.

Cantu was called into a second meeting on December 5, this time with 360Training's Vice President of Operations, Clyde Seepersad. Cantu was asked about her communications with

-2-

Malamon and with the MyCAA representative, McGill. At a third and final meeting held that day,

Seepersad fired Cantu. In her deposition, Cantu testified Seepersad told her she was being terminated

because she had undermined 360Training's authority by reporting them to the DOD. Pl.'s Resp.

[#23-1], Ex. 1 (Cantu Depo.), at 144. By contrast, Seepersad maintains he fired Cantu because: (1)

he perceived her behavior with Malamon and actions against Blair to be disruptive; (2) Cantu was

disrupting 360Training's business by encouraging its partners to send students to other schools; (3)

he believed she was continuing to provide work-related information to Malamon in an effort to harm

360Training and possibly in violation of a non-disclosure agreement; and (4) he received Blair's

email requesting Cantu's termination. Mot. Summ. J. [#16-1], Ex. A (Seepersad Aff.), ¶ 7.

　　　　Although discovery has not yet concluded, 360Training now moves for summary judgment.

Cantu seeks an extension of time until the close of discovery in May 2014 to fully respond, but also

filed a partial response based on the currently available evidence.

**Analysis**

I.　　**Motion for Summary Judgment—Legal Standard**

　　　　Summary judgment shall be rendered when the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine dispute as to any material fact and

that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could

return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). When ruling on a motion for summary judgment, the court is required to view all inferences

drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.     Application

In order to succeed on her retaliatory discharge claim, Cantu must show "(1) that she was engaged in protected activity with respect to the False Claims Act; (2) that her employer knew she was engaged in protected activity; and (3) that she was discharged because she was engaged in protected activity." *Thomas v. ITT Educ. Servs., Inc.*, 517 F. App'x 259, 262 (5th Cir. 2013) (unpublished) (citing *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994)); *see also* 31 U.S.C. § 3730(h). 360Training seeks summary judgment on two grounds. First, 360Training contends Cantu did not engage in any protected activity with respect to the False Claims Act. Second, and alternatively, 360Training contends Cantu cannot show she was discharged because of any protected activity.

## A.     Protected Activity

Although the Fifth Circuit has not specifically addressed what qualifies as protected activity for purposes of an FCA retaliation claim, the parties generally agree the inquiry must focus on two related factors: (1) subjectively, whether the reporting employee held a good faith belief her employer was committing fraud against the government; and (2) objectively, whether a reasonable employee in similar circumstances might hold the same belief. *See, e.g.*, *U.S. ex rel. George v. Bos. Sci. Corp.*, 864 F. Supp. 2d 597, 604–05 (S.D. Tex. 2012) (surveying FCA cases from various circuits). There is no requirement the plaintiff actually file an FCA lawsuit or possess facts sufficient to prove an FCA claim at the time of the retaliation. *Id.* The Supreme Court has noted the FCA "protects an employee's conduct even if the target of an investigation or action to be filed was innocent." *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 416 (2005).

360Training contends the various complaints Cantu made to MyCAA do not amount to protected activity because the activities she reported were not FCA violations, and thus no reasonable employee would believe 360Training to be defrauding the government. Without deciding the issue, the Court notes Cantu has, at this early stage, presented evidence at least suggesting a reasonable person might believe her complaints concern fraud. For example, when Cantu made her complaints, McGill's response was to seek additional details so she could "elevate" the matter up her chain of command, all while maintaining Cantu's anonymity. Pl.'s Resp. [#23], Ex. 6. McGill has not yet been deposed in this matter.

Additionally, an employer's fear about being reported is relevant to the reasonableness of any objective belief. *See Guerrero v. Total Renal Care, Inc.*, 932 F. Supp. 2d 769, 786 (W.D. Tex. 2013) (citing *Boston Scientific*, 864 F. Supp. 2d at 606). In this case, Cantu's testimony suggests at least Seepersad, and perhaps others, expressed serious concerns over her complaints. There were also suggestions by counsel, admittedly not yet fully developed in the factual record, 360Training engaged in its own discussions with MyCAA or the DOD after Cantu's termination, suggesting 360Training at least felt its conduct warranted a proactive defense.

At a minimum, Cantu has shown she is entitled to continue to conduct discovery within the time frame agreed to by the parties in their scheduling order. Cantu suggests depositions of Blair and at least one other human resources employee are necessary, and additional written discovery or depositions may be necessary to further explore the complex relationship between 360Training, the Lamar Institute of Technology, and MyCAA, which 360Training devotes significant portions of its motion to unraveling. The Court will therefore DISMISS the motion for summary judgment on

protected activity grounds without prejudice to 360Training filing a renewed summary judgment motion after Cantu has had an opportunity to complete discovery.

**B.    Causation**

Section 3730(h) provides a cause of action to an employee who is discharged "because of lawful acts done by the employee" in an effort to stop a violation of the False Claims Act. 31 U.S.C. § 3730(h)(1); *see also Thomas*, 517 F. App'x at 262 (stating the third element of an FCA retaliation claim using the "because" language). Reading this language in light of recent Supreme Court authority interpreting the word "because" in the Title VII retaliation context to require a plaintiff to prove but-for causation, the parties agree Cantu's ultimate burden is to prove she would not have been fired but for her employer's desire to retaliate against her. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013); *see also U.S. ex rel. Schweizer v. Oce N. Am.*, No. 06-648 (RCL), 2013 WL 3776260, at *11 (D.C. July 19, 2013) (relying on *Nassar* to apply but-for causation rule in FCA retaliation case).

360Training contends Seepersad's well-supported and factually undisputed reasons for firing Cantu make summary judgment appropriate. Cantu, while admitting the various conduct described in Seepersad's list of reasons, has also testified Seepersad told her she was being fired because of the complaints she made to the DOD's MyCAA representative, McGill. Seepersad's after-the-fact explanations, while they may justify terminating Cantu, may also plausibly be seen as a mere pretext for a retaliatory motive, if one believes Cantu's testimony. *See Schweizer*, 2013 WL 3776260, at *14 (denying summary judgment where jury could determine plaintiff's whistleblowing activities were the but-for cause of her termination, despite numerous "good reason[s]" employer had to terminate plaintiff). Alternatively, if one believes Seepersad and not Cantu, the termination may have been

unrelated to any DOD complaints. This Court cannot make such credibility determinations on a summary judgment record. 360Training's motion is DENIED on causation grounds.

## Conclusion

Cantu has presented sufficient evidence to create a fact dispute with respect to the causation element, and thus survives summary judgment on those grounds. With respect to the question whether Cantu engaged in any protected activity, the Court finds resolution of the issue premature. Cantu is entitled to complete discovery, which the parties agreed must occur by May 15, 2014. The Court therefore dismisses 360Training's motion on protected activity grounds without prejudice to filing a renewed summary judgment motion on those grounds at an appropriate time on or before the parties' agreed dispositive motion deadline.

Accordingly,

IT IS ORDERED that Defendant 360Training.com, Inc.'s Motion for Summary Judgment [#16] is DENIED in part and DISMISSED WITHOUT PREJUDICE in part, as described in this opinion;

IT IS FINALLY ORDERED that Cantu's Opposed Motion for Extension of Time to File Response [#17] is DISMISSED AS MOOT in light of the Court's resolution of the summary judgment motion.

SIGNED this the _10_ day of January 2014.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE